```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND

THE REDEEMED CHRISTIAN CHURCH OF:
GOD (VICTORY TEMPLE) BOWIE,
MARYLAND                         :

    v.                           :  Civil Action No. DKC 19-3367

                                 :
PRINCE GEORGE'S COUNTY, MARYLAND
                                 :
```

**ORDER**

In a Memorandum Opinion issued on September 9, 2020,(ECF No. 58), the court issued findings and conclusions on the claim of Plaintiff, The Redeemed Christian Church of God (Victory Temple) Bowie, Maryland ("Victory Temple"), concluding that Defendant Prince George's County, Maryland (the "County"), had violated the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") when it denied Victory Temple's application for a water and sewer category change from W5 and S5 to W4 and S4.  The contours of injunctive relief were not resolved in that Memorandum Opinion.  The parties filed a Consent Motion setting forth agreed upon language for a permanent injunction.  (ECF No. 61).

Accordingly, for the following reasons, pursuant to Rule 65(d) of the Federal Rules of Civil Procedure, it is, this 2nd day of October, 2020, by the United States District Court for the District of Maryland, ORDERED that:

1.   As set forth more fully in the Court's Memorandum Opinion of September 9, 2020 (ECF No. 58), the findings and conclusions of which are incorporated herein by reference, the Court finds that Victory Temple has outgrown its current church facilities and that it purchased property located at 14403 Mount Oak Road in Bowie, Maryland with the reasonable expectation that it could build a new church facility on that property; and

2.   The Court further finds that the decision by Prince George's County to deny an application for a water and sewer category change from W5 and S5 to W4 and S4 precluded Victory Temple from further developing its property; and

3.   The Court further finds that Prince George's County violated the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") in denying Victory Temple's application for a water and sewer category change from W5 and S5 to W4 and S4; and

4.   The Court further finds that money damages would be inadequate fully to redress the County's RLUIPA violation, because damages alone would not enable Victory Temple to use its Mount Oak Road property for the religious purpose for which it acquired the property; and

5.   The Court further finds that the balance of hardships favors entry of injunctive relief, as the injunction will allow

Victory Temple to proceed to the next stage of development, and that relief for Victory Temple outweighs any potential harm to the County; and

6. The Court further finds that the injunction would serve the public interest by vindicating Victory Temple's religious exercise rights under RLUIPA; and

7. Prince George's County BE, and the same hereby IS, PERMANENTLY ENJOINED from denying Victory Temple's requested water and sewer category change, and the County is hereby ordered to grant Victory Temple's application to amend the County's Water and Sewer Plan (Stipulated Trial Exhibit No. 1) and advance the property located at 14403 Mount Oak Road to Water and Sewer Category 4 within sixty (60) days of this Order.  This Order binds the County as well as its agents, servants, and employees, as well as any persons in active concert or participation with them, who receive actual notice of the Order; and

8. All further proceedings are stayed pending the anticipated appeal by the County, except for any proceedings relative to compliance with this Order, including supplemental discovery and an evidentiary hearing to determine damages and any bill of costs or motion requesting attorneys' fees pursuant to Local Rule 109, until the issuance of the mandate of the United

States Court of Appeals for the Fourth Circuit or, if review by the Supreme Court of the United States is sought, denial of certiorari or final judgment of the Supreme Court; and

    10.  The parties are directed to file a status report within fourteen (14) days following issuance of the mandate of the Fourth Circuit or final judgment by the Supreme Court.  At that time, the Court will conduct a scheduling conference to determine the sequence and timing of further proceedings.

                                                                       /s/
                                        DEBORAH K. CHASANOW
                                        United States District Judge